2026 IL App (4th) 250994

NO. 4-25-0994

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 16, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| STEVEN A. BELL, | ) | No. 23CF289 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Andrew J. Doyle, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Doherty and Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1     In August 2025, defendant, Steven A. Bell, pleaded guilty pursuant to a fully negotiated plea to reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2022)) and was sentenced to three years in prison.

¶ 2     Defendant appeals, arguing that the trial court failed to comply with Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024) because (1) the court did not verbally admonish him of the full provisions of the rule and (2) the written notice of appeal rights that he signed included provisions applicable not just to subpart (c) but also subparts (a) and (b) (see Ill. S. Ct. R. 605(a)-(c) (eff. Apr. 15, 2024)).

¶ 3     We conclude that the trial court did not substantially comply with Rule 605(c) and remand for compliance with the rule. In doing so, we suggest the best practice for trial courts to

follow is to read the pertinent Rule 605 provisions to defendants verbatim and ensure any additional written advisements are not overbroad.

¶ 4                                                I. BACKGROUND

¶ 5          In June 2023, the State charged defendant by information with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(1) (West 2022)) and criminal damage to property (*id.* § 21-1(a)(1)). The State later amended the information to add a charge of reckless discharge of a firearm. *Id.* § 24-1.5(a).

¶ 6                                             A. The Guilty Plea

¶ 7          On August 5, 2025, defendant pleaded guilty to reckless discharge of a firearm pursuant to a fully negotiated plea agreement. In exchange for defendant's pleading guilty, the State dismissed the remaining counts against defendant and agreed to a sentence of three years in prison, with credit for 346 days spent in custody, to be concurrent with the sentences in two other pending cases against defendant in Hancock County. Details about those cases do not appear in the record.

¶ 8          The trial court accepted defendant's guilty plea and sentenced him to three years in prison with credit for 346 days spent in custody.

¶ 9                                       B. The Rule 605(c) Admonitions

¶ 10          Also on August 5, 2025, defendant signed a form entitled "Appeal Rights," in which he acknowledged being advised of the rights of appeal listed on the form. The form stated that defendant had the right to appeal his conviction and provided the various and different steps a defendant must take before perfecting an appeal under Rule 605(a), (b), and (c) in cases in which a defendant (a) has been found guilty after a bench trial, (b) entered a plea of guilty without an agreed sentencing recommendation, and (c) entered a negotiated plea of guilty. See Ill. S. Ct. R.

- 2 -

605(a)-(c) (eff. Apr. 15, 2024). Although the form provided the provisions and definitions of each subsection, it did not explicitly state which subsection applied to defendant. The form then listed the remaining provisions of those rules.

¶ 11 Immediately after sentencing, the following colloquy occurred between the trial court and defendant:

> "[THE COURT:] This does start the running of your right to appeal and I see that you've signed off on your appeal rights; is that correct?
>
> [DEFENDANT]: Yes.
>
> THE COURT: Do you have any questions about your appeal rights at this point?
>
> [DEFENDANT]: No.
>
> THE COURT: All right. Then, in summary, if you think we did something wrong today, you have 30 days to file a motion withdrawing your guilty plea and vacating the judgment. If the motion's granted, we'd start back over where we were before the hearing began today. If it's denied, you'd have 30 additional days to file a notice of appeal with the Appellate Court."

The court did not verbally advise defendant of any other provision of Rule 605(c).

¶ 12 C. Defendant's Notices of Appeal and Letters to the Trial Court

¶ 13 1. *The Notice of Appeal*

¶ 14 On September 15, 2025, defendant *pro se* filed a notice of appeal in the trial court. In the notice, defendant asserted that the mittimus did not reflect sentencing credit from one of his concurrent cases in Hancock County, which he alleged was "contingent of his sentence agreement." Defendant stated that Hancock County had not issued a writ for him to appear "and

appears to be deviating from a verbal agreement in regards to the aforementioned matters." In his notice of appeal, defendant stated that he sought the withdrawal of his guilty plea.

¶ 15　　　　Defendant included a hand written proof of service in which he certified that he placed the notice of appeal in the prison mail on September 3, 2025. He did not provide any proof of mailing.

¶ 16　　　　　　　　　　　　2. *The September 16, 2025, Letter*

¶ 17　　　　Defendant also wrote a letter to the trial court, which was filed on September 16, 2025. In that letter, defendant wrote that although he was happy with the outcome of his case, he was concerned about the Hancock County case in which he had not yet been sentenced. Defendant believed that the State might be deviating from a verbal agreement concerning his plea. Defendant wrote, "[S]ince I only have 30 days to appeal, I filed the Notice of Appeal as a preemptive measure in the event [the State] does actually deviate from [its] agreed position." Defendant also wrote that if he were transported within the next few days to sign the plea agreement in the Hancock County case, he would rescind his notice of appeal.

¶ 18　　　　　　　　　　　　3. *The Appointment of Appellate Counsel*

¶ 19　　　　On September 16, 2025, the trial court appointed the Office of the State Appellate Defender to represent defendant on appeal, and on September 18, 2025, a notice of appeal was filed in this court. This court found the notice of appeal was deficient but conditionally granted it, allowing defendant 30 days to file an amended notice of appeal. On October 3, 2025, appellate counsel sought and was granted, without objection from the State, an extension of time to file an anticipated motion for leave to file a late notice of appeal.

¶ 20　　　　4. *Defendant's Pro Se October 27, 2025, Letter and Motion to the Trial Court*

¶ 21　　　　On October 27, 2025, defendant *pro se* filed a letter, written to the trial court, asking

the court to rescind his notice of appeal. Defendant also asked the court to send a copy of the mittimus to the Illinois Department of Corrections (DOC), stating that DOC had no record that his three-year sentence was concurrent with one of the Hancock County cases.

¶ 22 Defendant included with the letter a *pro se* "Motion to Correct Sentence and Compel Sentencing Order and Mittimus." Defendant alleged DOC was missing records of his charge, his three-year concurrent sentence, and credit for time served. Defendant asked the trial court to send DOC a copy of his original mittimus and sentencing order.

¶ 23 The record does not reflect the trial court took any action regarding defendant's letter and motion.

¶ 24 5. *Defendant's October 30, 2025, Letter to the Court*

¶ 25 On October 30, 2025, defendant *pro se* filed a letter in the trial court, again stating that DOC did not have a record of his three year concurrent sentence and had not received a mittimus. Defendant also stated that his case did not appear on the DOC website. However, we note it does now appear on the website.

¶ 26 6. *The Late Notice of Appeal*

¶ 27 On December 3, 2025, defendant, through counsel, filed a motion for leave to file a late notice of appeal. Defendant's appellate counsel included an affidavit averring that the failure to file a timely notice of appeal was not due to defendant's culpable negligence. Counsel noted that defendant stated he mailed his original notice of appeal on September 3, 2025. Counsel also averred there was merit to the appeal. The State did not object or challenge appellate counsel's affidavit or this court's jurisdiction at that time. This court granted the motion and accepted defendant's late notice of appeal.

¶ 28 This appeal followed.

¶ 29                                    II. ANALYSIS

¶ 30          Defendant appeals, arguing that the trial court failed to comply with Illinois

Supreme Court Rule 605(c) (eff. Apr. 15, 2024) because (1) the court did not verbally admonish

him of the full provisions of the rule and (2) the written notice of appeal rights that he signed

included provisions applicable not just to subpart (c) but also subparts (a) and (b).

¶ 31          We agree and remand for compliance with the rule.

¶ 32                                    A. Jurisdiction

¶ 33          As an initial matter, the State contends this court lacks jurisdiction because

(1) defendant's original notice of appeal was untimely and (2) appellate counsel's affidavit in

support of the motion for leave to file a late notice of appeal was deficient.

¶ 34          Illinois Supreme Court Rule 606(c) (eff. Apr. 15, 2024), pertaining to perfection of

criminal appeals, provides, in relevant part, the following:

              "[O]n motion supported by a showing of reasonable excuse for failing to file a

              notice of appeal on time filed in the reviewing court within 30 days of the expiration

              of the time for filing the notice of appeal, or on motion supported by a showing by

              affidavit that there is merit to the appeal and that the failure to file a notice of appeal

              on time was not due to appellant's culpable negligence, filed in the reviewing court

              within six months of the expiration of the time for filing the notice of appeal, in

              either case accompanied by the proposed notice of appeal, the reviewing court may

              grant leave to appeal and order the clerk to transmit the notice of appeal to the trial

              court for filing."

¶ 35          The granting or denial of a motion under Rule 606(c) is within the sound discretion

of the appellate court. *People v. Joseph*, 33 Ill. App. 3d 315, 318 (1975). In other contexts, when

an opposing party fails to provide an opposing affidavit contradicting a counsel's averments, the appellate court generally will take counsel's affidavit as true. See, *e.g.*, *Kutner v. DeMassa*, 96 Ill. App. 3d 243, 248 (1981) ("If a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are accepted as true.").

¶ 36    Here, the State takes issue with what it deems to be conclusory allegations in appellate counsel's affidavit in support of defendant's motion for leave to file a late notice of appeal. However, the State did not raise that objection at the time the motion was filed. When the State has not timely objected to a motion for leave to file a late notice of appeal and has not alleged any prejudice accrued to it by reason of the fact the appeal was technically late, the appellate court has declined to apply time limiting factors to deny a defendant an appeal. *Joseph*, 33 Ill. App. 3d at 318. We also decline to deny defendant an appeal here.

¶ 37    Although defendant did not provide a postmarked envelope or other document showing he mailed his notice of appeal on time, he did provide a written proof of service stating that he did so, thus supporting a finding of a lack of culpable negligence. The State did not attempt to counter that proof of service at the time the motion for leave to file a late notice of appeal was filed. Moreover, as we discuss later in this opinion, defendant's appeal has merit.

¶ 38    The State also points to a letter defendant later sent to the trial court, stating he wished to rescind his notice of appeal. However, that letter was sent after the trial court was divested of jurisdiction, based on this court's conditional acceptance of defendant's original notice of appeal. See *People v. Abdullah*, 2019 IL 123492, ¶ 21 (" 'When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court.' " (quoting *People v. Bounds*, 182 Ill. 2d 1, 3 (1998))). In addition, because defendant had

been appointed appellate counsel when the letter was sent, he had no authority to file motions on his own behalf. See *People v. James*, 362 Ill. App. 3d 1202, 1205 (2006) ("[W]hen a defendant is represented by counsel, the defendant generally has no authority to file *pro se* motions, and the court should not consider them.").

¶ 39      Further, even if we considered the letter, defendant included with the letter a motion seeking a correction of the mittimus and sent another letter a few days later again seeking to have documents sent to DOC. Given this context, defendant did not appear to be seeking to entirely abandon his ability to raise his claims. If anything, defendant's filings illustrated his confusion regarding how to go about properly raising his concerns regarding sentencing credit.

¶ 40      Ultimately, the State's jurisdictional argument is essentially an assertion that this court abused its discretion by granting defendant's motion for leave to file a late notice of appeal. We disagree. Accordingly, we now address the merits of defendant's appeal.

¶ 41                            B. Rule 605(c) Admonitions

¶ 42      Defendant argues the trial court failed to substantially comply with Rule 605(c), requiring a remand for compliance with the rule. We agree.

¶ 43                            1. *The Requirements of Rule 605*

¶ 44      Rule 605, titled "Advice to Defendant," requires the trial court to advise defendants of their appeal rights after judgment and sentence is imposed. Ill. S. Ct. R. 605 (eff. Apr. 15, 2024). Subparts (a), (b), and (c) of that rule apply to different manners in which the sentence and judgment came to be and have different requirements. Rule 605(a) pertains to judgments after pleas of not guilty and requires the trial court to advise the defendant of the right to appeal, the right to request the clerk to prepare and file a notice of appeal, and of the right, if indigent, to be furnished, without cost to the defendant, with a transcript of the proceedings at the trial or hearing. Ill. S. Ct. R. 605(a)

(eff. Apr. 15, 2024). Rule 605(b) pertains to judgments entered following non-negotiated guilty pleas and requires various admonitions, including that, before taking an appeal, the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion. Ill. S. Ct. R. 605(b) (eff. Apr. 15, 2024).

¶ 45        Rule 605(c), the relevant subpart to defendant's guilty plea in this case, provides as follows:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the

proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.

For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024).

¶ 46 Also relevant to our analysis is Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024), which requires a defendant to first bring any claim regarding his or her guilty plea or sentence to the trial court before filing an appeal. *People v. Braden*, 2018 IL App (1st) 152295, ¶ 21 (citing *People v. Foster*, 171 Ill. 2d 469, 471 (1996)). The purpose of Rule 604(d) is to ensure that, before an appeal can be taken from a guilty plea, the trial court that accepted the plea and imposed the sentence was given the opportunity to consider any alleged improprieties. *Id.* ¶ 22. Accordingly, when a defendant fails to file in the trial court a Rule 604(d) motion to withdraw his guilty plea, the appellate court is precluded from considering the merits of, and must dismiss, the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003).

¶ 47 However, Rule 604(d) presumes a defendant was sufficiently admonished of the steps required to perfect an appeal. *Braden*, 2018 IL App (1st) 152295, ¶ 23. To that end, Rule 605(c) identifies the points on which the trial court shall substantially admonish a defendant after

entering a negotiated guilty plea, including that (1) he or she has the right to appeal and (2) before taking an appeal, he or she must file in the trial court a written motion asking to have the judgment vacated and for leave to withdraw the guilty plea. Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024).

¶ 48 If the trial court fails to give the requisite admonitions under Rule 605(c), and the defendant attempts to appeal without filing a timely postplea motion, the appeal is not dismissed. *Flowers*, 208 Ill. 2d at 301. Instead, the matter is remanded to the trial court for proceedings consistent with Rule 605(c). *People v. Jamison*, 181 Ill. 2d 24, 29-30 (1998). This is because it would violate procedural due process rights to hold a defendant responsible for failing to comply with Rule 604(d) if he or she had not been admonished of the rule's requirements pursuant to Rule 605(c). *Flowers*, 208 Ill. 2d at 301; *Foster*, 171 Ill. 2d at 473.

¶ 49 The trial court is required to strictly comply with Rule 605(c) in the sense that the admonitions must be given to a defendant who has pleaded guilty. *People v. Dominguez*, 2012 IL 111336, ¶ 11. However, because Rule 605(c) uses the term "substantially," the court is not required to use the exact language of the rule. *Id.* ¶ 22. Admonishments are proper if they sufficiently inform the defendant of the essence or substance of Rule 605(c). *Id.* However, admonishments are insufficient if the trial court leaves out the substance of the rule. *Id.*

¶ 50 Of particular importance in the present case, although a remand is not required when a defendant has been substantially advised of the content of Rule 605(c), written admonishments, on their own, are not sufficient to comply with Rule 605(c). *People v. Jones*, 2013 IL App (4th) 120300, ¶ 13 (citing *Dominguez*, 2012 IL 111336, ¶ 27). We review *de novo* a trial court's compliance with Rule 605(c). *Dominguez*, 2012 IL 111336, ¶ 13.

¶ 51 2. *This Case*

¶ 52 a. The Trial Court's Failure To Substantially Comply With Rule 605(c)

- 11 -

¶ 53 In the present case, the trial court did not substantially comply with Rule 605(c). Instead, the court erroneously relied on a written advisement form and verbally admonished defendant of only a portion of the rule's contents that actually applied to him. The court verbally told defendant after sentencing, "This does start the running of your right to appeal." The court then referred to the written advisement of appeal rights, which included the requirements for appeals under Rule 605(a), (b), and (c), without explicitly telling defendant which of those applied to him.

¶ 54 Thereafter, the trial court did not verbally admonish defendant regarding most of the provisions of Rule 605(c) and instead told defendant the following:

> "Then, in summary, if you think we did something wrong today, you have 30 days to file a motion withdrawing your guilty plea and vacating the judgment. If the motion's granted, we'd start back over where we were before the hearing began today. If it's denied, you'd have 30 additional days to file a notice of appeal with the Appellate Court."

That admonition did not clearly state defendant "must" file a motion to withdraw the plea before filing an appeal. The trial court also notably did not inform defendant of his right to counsel in preparation of any posttrial motions. Admonishments are insufficient if the defendant is not informed of the right to counsel to assist in filing the proper postplea motions. *People v. Blackmon*, 2024 IL App (1st) 220586, ¶ 10; *People v. Murphy*, 2021 IL App (4th) 200523-U, ¶ 16. The court also did not verbally inform defendant of the remaining provisions of Rule 605(c).

¶ 55 As previously noted, written admonishments, on their own, are not sufficient to comply with Rule 605(c). *Jones*, 2013 IL App (4th) 120300, ¶¶ 12-13 (citing *Dominguez*, 2012 IL 111336, ¶ 27). Here, there was no substantial compliance because the trial court never verbally

told defendant of most of the provisions of the rule. The written admonitions could not substitute for that. Further, the written admonitions were overbroad because they provided information about Rules 605(a), (b), and (c) without explicitly telling defendant which one applied to him.

¶ 56                                    b. No Requirement To Show Prejudice

¶ 57        The State contends that a remand for compliance with Rule 605(c) is not required because defendant failed to show prejudice. The State argues (1) defendant's notice of appeal was actually a motion to withdraw the plea, (2) defendant abandoned his appeal, and (3) defendant demonstrated an understanding of the correct appellate process by stating his understanding to the trial court and through his previous experience in criminal courts. We disagree and conclude that a defendant is not required to show prejudice in connection with incomplete Rule 605(c) admonitions.

¶ 58        In *Dominguez*, the Illinois Supreme Court contrasted Rule 605(b) and (c) from Rule 605(a), under which a defendant must show prejudice to be entitled to a remand. *Dominguez*, 2012 IL 111336, ¶ 21 n.4. Since then, several appellate court districts, including this court, have held that a defendant is not required to show prejudice in connection with a trial court's failure to comply with Rule 605(b) or (c). See *People v. Cone*, 2025 IL App (2d) 240474, ¶ 30 (stating that when defective Rule 605(c) admonitions are given, the defendant is entitled to a remand without showing prejudice); *People v. Johnson*, 2025 IL App (4th) 241089-U, ¶ 17 (stating lack of prejudice does not preclude a remand for a trial court's failure to comply with Rule 605(b)); *People v. Dominiak*, 2023 IL App (3d) 230028-U, ¶ 10 (stating the requirement to show prejudice applies exclusively to Rule 605(a)).

¶ 59        In the present case, as we similarly stated in *Johnson* with regard to Rule 605(b), we hold that a lack of prejudice does not preclude a remand for a trial court's failure to comply

with Rule 605(c). Accordingly, we conclude that the State's arguments concerning defendant's statement of understating his rights and his prior history with the courts are irrelevant.

¶ 60    Further, we reject the State's arguments that defendant actually filed a motion to withdraw the plea and abandoned his appeal. The State contends defendant's notice of appeal was actually a motion to withdraw the plea, but the trial court did not treat it as such or take any action on it. If anything, defendant's stating (1) in his notice of appeal, that he wished to withdraw his plea and (2) in his September 2025 letter, that he filed his appeal as a "preemptive measure" shows defendant's apparent confusion regarding the proper postplea procedures.

¶ 61    The State also points to defendant's later letters to the trial court in which he asked to rescind the notice of appeal. But, as previously noted, the letters were sent after the court was divested of jurisdiction and defendant had appellate counsel. Those letters similarly illustrate defendant's possible confusion as to the proper procedure to follow in order to present his concerns about his sentencing credit. Accordingly, even if we were to consider issues of prejudice, the record does not demonstrate the absence of prejudice.

¶ 62    C. Suggestions to Trial Courts Regarding Required Admonitions to Defendants

¶ 63    Because the trial court failed to properly admonish defendant under Rule 605(c), we remand this case with directions to comply with that rule. However, we emphasize that remands because of deficient admonitions under Illinois Supreme Court rules should never be required. We offer the following suggestions to trial courts to ensure such remands will never occur.

¶ 64    In its rules pertaining to criminal cases, the Supreme Court of Illinois directs trial courts to give certain admonitions personally to defendants in various circumstances. Those admonitions are contained in the following rules:

        (1) Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), when a defendant

is waiving counsel;

(2) Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), when a defendant offers to plead guilty;

(3) Illinois Supreme Court Rule 402A(a) (eff. Nov. 1, 2003), when a defendant offers to admit or stipulate that the evidence is sufficient to revoke his probation;

(4) Illinois Supreme Court Rules 605(a)(1)-(3) (eff. Apr. 15, 2024), when a defendant has been convicted after a plea of not guilty;

(5) Illinois Supreme Court Rule 605(b) (eff. Apr. 15, 2024), when a defendant has been convicted upon a plea of guilty;

(6) Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024), when a defendant has been convicted after entering a negotiated plea of guilty; and

(7) Illinois Supreme Court Rule 605(d) (eff. Apr. 15, 2024), containing admonitions a trial court must give to a defendant after granting the State's petition to deny pretrial release or revoking a defendant's pretrial release under article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2024)).

¶ 65    In addition to these required admonitions, the supreme court has also provided explicit directions for trial courts when conducting a *voir dire* examination of prospective jurors. In Illinois Supreme Court Rule 431(b) (eff. July 1, 2012), the supreme court directs the trial courts to ask each potential juror, individually or in a group, whether that juror "*understands and accepts*" (emphasis added) the so-called *Zehr* principles (see *People v. Zehr*, 103 Ill. 2d 472, 477 (1984))— namely, that (1) the defendant is presumed innocent of the charges against him or her, (2) before the defendant can be convicted, the State must prove the defendant guilty beyond a reasonable

doubt, (3) the defendant is not required to offer any evidence on his or her own behalf, and (4) the defendant's choosing not to testify cannot be held against him or her.

¶ 66 Given the importance of these admonitions that the supreme court has required trial courts to give, the supreme court has done trial courts a great favor by providing the *explicit* language trial courts should use in each instance. Trial courts need not concern themselves with whether they are explaining required concepts appropriately; to be insulated against any possible challenges later brought by a defendant that the admonitions were not adequate, all trial courts need do is use the *explicit* language the supreme court has provided in the rules themselves.

¶ 67 Accordingly, the only task remaining for trial courts is to determine which specific directive applies in the particular proceeding in which they are involved. Of course, when a defendant is waiving his right to counsel or pleading guilty, it is easy for trial courts to determine that Rule 401 applies in the first instance and Rule 402 applies in the second.

¶ 68 However, as shown by the present case, under Rule 605, different subsections of that rule apply to different factual contexts. But even here, trial courts should have no difficulty determining which subsection applies to the factual circumstances before them. That is, if the trial court is giving required admonitions under Rule 605 to a defendant who is convicted at trial, then Rule 605(a) applies. Similarly, if the trial court is giving required admonitions to a defendant who has been convicted upon a plea of guilty, then Rule 605(b) applies. And last, if the trial court is giving required admonitions to a defendant who has been convicted based upon a negotiated guilty plea, then Rule 605(c) applies.

¶ 69 None of this is rocket science. With a minimum amount of thought and effort, a trial court should be able to easily determine which subpart under Rule 605 applies.

¶ 70 And, importantly, when the trial court has made that determination, the safest and

best course of action is for the court to use word-for-word the explicit language the supreme court has provided in the applicable supreme court rule when admonishing the defendant. In our opinion, we can see no justification for a trial court's not doing so.

¶ 71 We emphasize that the great majority of convictions in criminal cases, specifically including felony cases, are the result of guilty pleas. In *Missouri v. Frye*, 566 U.S. 134, 143 (2012), the United States Supreme Court wrote that "[n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas." In *People v. Hughes*, 2012 IL 112817, ¶ 46, the Illinois Supreme Court cited that 94% statistic from *Frye*, as well as the statement in *Frye* that " 'plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process' " (quoting *Frye*, 566 U.S. at 243-44).

¶ 72 We add that the trial courts have an equal responsibility to ensure that the admonitions the Illinois Supreme Court requires them to give to defendants *are correctly given*.

¶ 73 Because we are aware that trial courts throughout the State are quite busy, we suggest that trial courts take the following action to ensure that the admonishments they are required to give to defendants are correct. Trial courts should make copies (perhaps laminated) of each of the appropriate supreme court rules applicable in criminal cases so that the appropriate rule (and its admonitions) is readily available on the judge's bench. Then the judge need merely determine which rule applies to the particular proceeding before the court, pull out the appropriate copy, and then literally read the rule's admonitions aloud, using the explicit language that the supreme court has provided for that situation.

¶ 74 III. CONCLUSION

¶ 75 For the reasons stated, we remand the matter with directions for the trial court to

comply with Rule 605(c).

¶ 76          Remanded with directions.

*People v. Bell*, 2026 IL App (4th) 250994

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Knox County, No. 23-CF-289; the Hon. Andrew J. Doyle, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Darrel F. Oman, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Ashley M. Worby, State's Attorney, of Galesburg (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |